UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL NO. H-11-404 |
| § | |
| DOUGLAS CROCKWELL DEMMON, § | |
| Defendant. § | |

**PLEA AGREEMENT**

The United States of America, by and through Ken Magidson, United States Attorney for the Southern District of Texas and Sherri L Zack, Assistant United States Attorney, and the defendant, Douglas Crockwell Demmon, the defendant's counsel, Stuart Berger, pursuant to Rule 11(c)(1)(A) & (B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

**The Defendant's Agreement**

1.  The defendant agrees to plead guilty to Count One of the Indictment. Count One charges the Defendant with Distribution of Child Pornography, in violation of Title 18, United States Code, Sections 2252A(a)(2)(B) and 2252A(b)(1). The defendant, by entering this plea agrees that he is waiving any right to have the facts that the law makes essential to the punishment charged in the indictment, or proved to a jury or proven beyond a reasonable doubt and is knowingly waiving the right to have those facts presented to a grand jury.

**Punishment Range**

2.  The statutory penalty for Count One a violation of Title 18, United States Code,

1

Sections 2252A(a)(2)(B) and 2252A(b)(1) is imprisonment for not less than five (5) years and not more than twenty (20) years imprisonment and a fine of not more than $250,000.00. Additionally, the defendant may receive a term of supervised release after imprisonment of at least five (5) years up to life. Title 18, U.S.C. §§ 3559(a) and 3583(k). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his/her sentence, then defendant may be imprisoned without credit for time already served on the term of supervised release prior to such violation. Title 18, U.S.C. §§ 3559(a) and 3583(e) & (k). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he/she eligible for parole.

3. The defendant understands that under the Sex Offender Registration and Notification Act, the defendant must register and keep such information current in the jurisdictions where the defendant resides, is employed, and is a student. The defendant further understands that the requirement to keep the registration current includes informing such jurisdictions not later than three (3) business days after any change of the defendant's name, residence, employment or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, specifically, Title 18, United States Code, Section 2250, as well as applicable state statutes.

## Immigration Consequences

4. If the defendant is not a citizen of the United States, a plea of guilty may result in deportation, exclusion from admission to the United States, or the denial of naturalization

## Mandatory Special Assessment

5. Pursuant to Title 18, U.S.C. § 3013(a)(2)(A), immediately after sentencing,

defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

### Fines, Restitution and Forfeiture

6. Defendant understands that under the Sentencing Guidelines, the Court is permitted to order the defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release; if any is ordered.

7. Defendant understands that under the Sentencing Guidelines and applicable federal law, in the case of an identifiable victim, the Court may order restitution if authorized by law and requested by a victim.

8. Defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately, and defendant will not attempt to avoid or delay payment. To that end, the Court will establish a payment schedule based on ability to pay, this will apply to any fines and/or restitution imposed.

9. Defendant stipulates and agrees that the property listed in the indictment's notice of forfeiture (and in any supplements) is subject to forfeiture, and Defendant agrees to the forfeiture of that property. In particular, but without limitation, Defendant stipulates that the following specific property is subject to forfeiture: a Dell laptop computer and components; a Dell desktop computer and components; a Western Digital external hard drive; and computer equipment used to run the above listed computers and other media.

10. Defendant waives the right to challenge the forfeiture of property in any manner,

including by direct appeal or in a collateral proceeding.

11. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500) prior to sentencing if he/she is requested to do so. In the event that the Court imposes a fine or orders the payment of restitution as part of the Defendant's sentence, the Defendant shall make complete financial disclosure by truthfully executing a sworn financial statement immediately following his/her sentencing.

### Waiver of Appeal

12. Defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The defendant agrees to waive the right to appeal the sentence imposed or the manner in which it was determined on any grounds set forth in Title 18 U.S.C. § 3742. Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding. In the event the Defendant files a notice of appeal following the imposition of the sentence, the United States will assert its rights under this agreement and seek specific performance of this waiver.

In exchange for the Agreement with the United States, Defendant waives all defenses based on venue, speedy trial under the Constitution and Speedy Trial Act, and the statute of limitations with respect to any prosecution that is not time barred on the date that this Agreement is signed, in the event that (a) Defendant's conviction is later vacated for any reason, (b) Defendant violates any provision of this Agreement, or (c) Defendant's plea is later withdrawn.

13. In agreeing to these waivers, defendant is aware that a sentence has not yet been

4

determined by the Court. The defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he/she may have received from his/her counsel, the United States or the Probation Office, is a prediction, not a promise, did not induce his/her guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the <u>United States Sentencing Guidelines</u> are "effectively advisory" to the Court. *United States v. Booker*, 125 S.Ct. 738 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

14. The Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

## The United States' Agreements

12. The United States agrees to each of the following:

(a) At the time of sentencing, the United States agrees not to oppose defendant's anticipated request to the Court and the United States Probation Office that he/she receive a two (2) level downward adjustment pursuant to U.S.S.G. Section 3E1.1(a) should the defendant accept responsibility as contemplated by the Sentencing Guidelines.

(b) If the defendant qualifies for an adjustment under U.S.S.G. Section 3E1.1(a), the United States agrees not to oppose the defendant's request for an additional one level departure based on the timeliness of the plea or the expeditious manner in which the defendant provided complete information regarding his role in the offense if the defendant's offense level is 16 or greater.

5

    (c)    Dismiss remaining counts at sentencing.

### United States' Non-Waiver of Appeal

15. The United States reserves the right to carry out its responsibilities under the sentencing guidelines. Specifically, the United States reserves the right:

    (a)    to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

    (b)    to set forth or dispute sentencing factors or facts material to sentencing;

    (c)    to seek resolution of such factors or facts in conference with defendant's counsel and the Probation Office; and,

    (d)    to file a pleading relating to these issues, in accordance with U.S.S.G. Section 6A1.2 and Title 18, U.S.C.§ 3553(a).

### Sentence Determination

16. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, U.S.C. § 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the

maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

### Rights at Trial

17. Defendant represents to the Court that he/she is satisfied that his/her attorney has rendered effective assistance. Defendant understands that by entering into this agreement, he/she surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

(a) If defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States, and the court all agree.

(b) At a trial, the United States would be required to present witnesses and other evidence against the defendant. Defendant would have the opportunity to confront those witnesses and his/her attorney would be allowed to cross-examine them. In turn, the defendant could, but would not be required to, present witnesses and other evidence on his/her own behalf. If the witnesses for defendant would not appear voluntarily, he/she could require their attendance through the subpoena power of the court.

(c) At a trial, defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if the defendant desired to do so, he/she could testify on his/her own behalf.

### Factual Basis for Guilty Plea

18. Defendant is pleading guilty because he _is_ guilty of the charges contained in Count One of the Indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The parties agree that this factual basis does not include all relevant conduct that may be considered by the Court for sentencing

purposes. The following facts, among others would be offered to establish the Defendant's guilt:

On September 14, 2010, Maryland State Police Computer Crimes Unit initiated an investigation into NCMEC cybertip number 898446. This cybertip was based on a video file that was uploaded from IP addtress 69.243.78.242 to the internet address of http://http:/littleyoungsters.ning.com. The video displays a prepubescent female, wearing an orange shirt with the number 76 on the front and a pair of white underwear. The female is sitting in a chair, she uses her left hand to lift up her shirt and uses her right hand to lower her underwear exposing her vaginal area. At one point in the video the female puts her feet on the chair, squats down, separates her knees, and used her left hand to pull down her underwear and expose her vagina.

On October 15, 2010, court orders were submitted to the Howard County Circuit Court in Maryland for Ning, Inc. and Microsoft online services for user account information. Microsoft returned information showing the registered user of the account to be Douglas Demmon in Galveston, Texas. Lt. Gray obtained the address for Demmon from the Texas Department of public Safety through his driver's license information.

On March 29, 2011, Lt. Gray conducted a "knock and talk" at the specified address in Galveston, Texas for Demmon. Investigators T. Pham and N. Foty, as well as uniformed Galveston Police officers, accompanied Lt. Gray to the residence. Demmon stated he did have an account through Ning and Microsoft. Demmon admitted to possessing and uploading the video described above. When asked if he had other images of child pornography on his computer Demmon indicated that he did. Demmon invited Lt. Gray into his living room where Lt. Gray was shown an image of child pornography on Demmon's laptop computer. The image

was of a prepubescent female lying naked on her back with her genitals exposed. The child appeared to be between the ages of 8 and 10. Demmon showed Lt. Gray another image of child pornography on another computer (desktop) in his home. Demmon stated that he believed there were more child pornography images on both computers.

Lt. Gray seized both computers and an external hard drive that was attached to the desktop computer in the office. Demmon stated that the external hard drive contains a backup system of the desktop computer and he believed there would be child pornography images stored on it as well.

On April 8, 2011 Det. N. Gates started the forensic analysis of the seized items based on a search warrant issued by Magistrate Judge Stacey. The examination revealed the presence of child pornography images and videos as well as link files that pointed to an external hard drive where additional images may be located. Additionally there were emails from Demmon concerning child pornography.

An email was located on the Dell desktop that contained 3 images o child pornography being sent from Demmon to a user with the email address of philbalu@ymail.com<mailto:philbalu@ymail.com>. Image 1 depicts a prepubescent female child approximately 8 to 10 years of age bending over at the waist on a bed exposing her anus and genitals. The second image depicts three prepubescent children (1 male and 2 females) nude lying on a bed. The male child is lying on his back between the two female children. His right hand is touching the genitals of one of the female children while the other female child is performing oral sex on the male child. Image 3 depicts a prepubescent female child approximately 5 to 7 years of age. The child is sitting down with her legs spread and is exposing

9

her genitals.

On April 27, 2011 a search warrant for Demmon's residence was issued by a United States Magistrate Judge for the Southern District of Texas. At the same time, a criminal complaint was issued for Demmon. The warrant was served and the arrest executed on April 29, 2011. Demmon was arrested without incident and invoked his rights post Miranda. Items seized were examined.

From the email accounts, which contain mostly sent items, there are 475 images and 13 videos containing child pornography. From the Yahoo messenger cache there are approximately 150 images of child pornography. On a flash drive there were 3 images of child pornography and 5 videos made with screen capture software such as Camtasia.

The computer media that was seized in this case was produced outside the state of Texas. The seized media including the the Dell laptop computer and components; the Dell desktop computer and components; and the Western Digital external hard drive all contained child pornography and were used in the distribution and/or possession of the child pornography images or videos.

**Breach of Plea Agreement**

19. If defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and the defendant's plea and sentence will stand. If at any time defendant retains, conceals or disposes of assets in violation of this plea agreement, or if defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then may move the Court to set aside the guilty plea and reinstate prosecution. Any information and

documents that have been disclosed by defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

20.     Whether the defendant has breached any provision of this plea agreement shall be determined solely by the United States through the United States Attorney's Office, whose judgment in that regard is final.

### Complete Agreement

21.     This written plea agreement, consisting of __14__ pages, including the attached addendum of defendant and his attorney, constitutes the complete plea agreement between the United States, defendant and his counsel.  No promises or representations have been made by the United States except as set forth in writing in this plea agreement.  Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

22.     Any modification of this plea agreement must be in writing and signed by all parties.

Filed at Houston, Texas, on __February 6__, 2012.

_____
Douglas Crockwell Demmon
Defendant

Subscribed and sworn to before me on __February 6__, 2012

DAVID BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

By: _____

                                                    Deputy United States District Clerk

APPROVED:
KENNETH MAGIDSON
United States Attorney

By: _____     _____
      Sherri L. Zack                                              Stuart Berger
      Assistant United States Attorney         Attorney for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL NO. H-11-404 |
| § | |
| DOUGLAS CROCKWELL DEMMON, § | |
| Defendant. § | |

## PLEA AGREEMENT - ADDENDUM

I have fully explained to defendant his rights with respect to the pending Indictment. I have reviewed the provisions of the United States Sentencing Commission's <u>Guidelines Manual</u> and <u>Policy Statements</u> and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____        2/6/12
Stuart Berger                              Date
Attorney for Defendant

13

I have consulted with my attorney and fully understand all my rights with respect to the Indictment pending against me. My attorney has fully explained and I understand all my rights with respect to the provisions of the United States Sentencing Commission's <u>Guidelines Manual</u> which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____     2-6-12
Douglas Crockwell Demmon             Date
Defendant